IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

COTRELL KNIGHT,

        Plaintiff,

vs.

JUVENAL GARCIA-GUZMAN, and AURA M. GARCIA-CARDENAS,

        Defendants.

8:24CV332

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Cotrell Knight's ("Plaintiff") Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and what the Court construes as a Motion for Summons, Filing No. 5. Each motion will be addressed below.

## I. IFP MOTION

Plaintiff seeks leave to proceed IFP and indicates in his motion that he is incarcerated in the Douglas County Department of Corrections ("DCDC"). Filing No. 2. The DCDC's online inmate records confirm that Plaintiff is currently confined in the DCDC.[1] *See* https://corrections.dccorr.com/inmate-locator (last visited April 8, 2025). Because Plaintiff is a prisoner, he is required to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). The Prison Litigation Reform Act "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). The Court has received a copy

---

[1] Because Plaintiff is currently incarcerated, the Court will direct the clerk's office to update the Court's records to reflect Plaintiff's current address in the DCDC.

of Plaintiff's trust account information. Filing No. 4, Case No. 8:24CV454. Plaintiff is permitted to proceed IFP.

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Here, the Court finds the initial partial filing fee is $15.25, based on average monthly deposits in the amount of $76.27. Plaintiff must pay this initial partial filing fee by May 8, 2025, or his case will be subject to dismissal. Plaintiff may request an extension of time if one is needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court.

Plaintiff is advised he will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d at 529–30; *Jackson*, 173 F. Supp. 2d at 951.

In light of Plaintiff's obligation to pay the entire filing fee, the Court feels obligated to note its suspicions surrounding the filing of Plaintiff's Complaint. Plaintiff's Complaint, Filing No. 1, was filed on August 26, 2024, with an attached copy of a Power of Attorney designating Plaintiff's mother, Phyllis Marie Knight Bey ("Knight Bey"), as his power of attorney. Based on that Power of Attorney and the similarities between Plaintiff's signature on the Complaint and other documents filed in this Court by Knight Bey, the Court suspects that Knight Bey signed the Complaint and filed the Complaint on Plaintiff's behalf. *Compare* Filing No. 1 at 6 *with* Filing No. 1 at 11, Case No. 8:24CV458.

If Plaintiff did not file this Complaint and does not want to continue prosecuting this case, then he must advise the Court in writing by **May 8, 2025,** that he does not want to proceed with this case, and the Court will dismiss this matter and Plaintiff will not have to pay the filing fee. If Plaintiff fails to respond to this order by the above deadline, then he will remain responsible for payment of the entire filing fee as long as he remains a prisoner.

## II. MOTION FOR SUMMONS

Plaintiff also filed a form summons which the Court construes as a Motion for Summons. Filing No. 5. "Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint. But district courts cannot issue summonses in *in forma pauperis* [non-prisoner and] prisoner cases until after screening the complaint for frivolousness and other defects under 28 U.S.C. §§ 1915(e) and 1915A(b)." *See Welch v. Byrd*, No. 4:23CV3186, 2024 WL 3292696, at *1 (D. Neb. July 3, 2024) (quoting *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (internal citation

omitted)).[2]  As the Court has yet to perform an initial review of the Complaint, any motion seeking issuance of summons and service of the Complaint is premature and must be denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Summons, Filing No. 5, is denied as premature.

2. Plaintiff's Motion for Leave to Proceed IFP, Filing No. 2, is granted.

3. Plaintiff must pay an initial partial filing fee of $15.25 by **May 8, 2025**, unless the Court extends the time in which he has to pay in response to a written motion.

4. After payment of the initial partial filing fee, Plaintiff's institution must collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and forward those payments to the Court.

5. The clerk's office is directed to update Plaintiff Cotrell Knight's address to match the address listed for Plaintiff in Case No. 8:24CV454 and to send a copy of this order to the appropriate official at Plaintiff's institution.

6. If Plaintiff did not file this action and does not wish to proceed with this case, then he shall have until **May 8, 2025**, to inform the Court in writing that he does not want to proceed with this case. If Plaintiff so informs the Court, then this case will be dismissed and Plaintiff will not be responsible for payment of the filing fee. If Plaintiff does not respond to this order, then he will remain responsible for payment of the entire filing fee as long as he remains a prisoner.

---

[2] Under the statute, following the granting of a motion to proceed in forma pauperis, a court must review and dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

7. The clerk's office is directed to set a pro se case management deadline in this case using the following text: **May 8, 2025**: initial partial filing fee payment or response due.

8. If Plaintiff chooses to allow this matter to proceed, he is advised that, following payment of the initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). The Court will conduct this initial review in its normal course of business.

Dated this 8th day of April, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge