IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| COTRELL KNIGHT,<br><br>               Plaintiff,<br><br>vs.<br><br>JUVENAL GARCIA-GUZMAN, and AURA M. GARCIA-CARDENAS,<br><br>               Defendants. | 8:24CV332<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on a Motion to Intervene filed on April 22, 2025, by Phyllis M. Knight ("Knight"). For the reasons that follow, Knight's motion is denied.

      On August 26, 2024, the Complaint in this matter was filed naming Cotrell Knight ("Plaintiff") as the plaintiff, Filing No. 1, along with a Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, indicating Plaintiff was incarcerated in the Douglas County Department of Corrections ("DCDC"). On April 8, 2025, the Court entered an order granting the Plaintiff's Motion for Leave to Proceed IFP and assessed an initial partial filing fee. Filing No. 6. However, the Court noted its suspicions that Plaintiff did not file the Complaint himself but rather his mother, Knight, appeared to have signed the Complaint and filed it on his behalf. *Id*. at 3. The Court, therefore, directed Plaintiff to advise the Court in writing by May 8, 2025, if he did not want to proceed with this case and wished to avoid paying the filing fee. *Id*. Shortly thereafter, on April 16, 2025, Plaintiff filed a Motion for Dismissal stating he "do[es] not wish to proceed with this case (Case #: 8:24CV332) and do[es] not seek any relief for [his] own personal and spiritual reasons." Filing No. 7. Based on Plaintiff's statements, the Court granted his Motion for

Dismissal and dismissed this case without prejudice on April 17, 2025. Filing Nos. 8 & 9.

Knight now seeks to intervene in this action and asserts that this matter should be stayed pursuant to 18 U.S.C. § 1595(a) and (b)(1), which provides:

> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, or attempts or conspires to benefit, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney[']s fees.
>
> (b)(1) Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.

18 U.S.C. § 1595. Knight's reliance on 18 U.S.C. § 1595 appears to be based on her contention that Plaintiff was unlawfully kidnapped as a "fugitive slave" from the Sedgwick County Jail in Kansas by Omaha Police Department officers and taken to the DCDC to face charges in the Douglas County District Court of Nebraska. Filing No. 10 at 7–8.

First, section 1595 is inapplicable here as Plaintiff is the defendant in the pending state criminal case, not the "victim" as that term is used in the statute. Second, and more importantly, Plaintiff has specifically expressed that he does not want to proceed with this civil action, and the Court dismissed this case pursuant to Plaintiff's wishes and prior to Knight filing her Motion to Intervene. As such, the Court finds Knight's motion for intervention is untimely and fails to demonstrate that either her (or the United States' or the State of Nebraska's, *see* Filing No. 10 at 5) intervention or a stay of this matter is warranted. Accordingly,

2

IT IS ORDERED that: Knight's Motion to Intervene, Filing No. 10, is denied.

Dated this 20th day of May, 2025.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Judge